UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY LEE ADAMS, No. 16160-076,

    Petitioner,

    v.

THOMAS LILLARD, Warden,

    Respondent.

Case No. 23-cv-2366-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Terry Lee Adams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Warden Thomas Lillard (incorrectly named in the petition as Warden Tillard) is the warden.[1] The petitioner is challenging his federal conviction and sentence in *United States v. Adams*, No. 2:97-cr-20226-001 (W.D.T.N. 1999).

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases.

**I.    Background**

In March 1999, Adams was convicted in the United States District Court for the Western District of Tennessee of multiple counts of carjacking in violation of 18 U.S.C. § 2119, using and

---

[1] The Court directs the Clerk of Court to change the name of the respondent on the docket sheet from "Tillard, Warden" to "Thomas Lillard, Warden."

carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 (Hobbs Act), possessing a firearm as a felon in violation of 18 U.S.C. § 922(g), and assault on a federal officer in violation of 18 U.S.C. § 111.  *See United States v. Adams*, No. 2:97-cr-20226-JPM-001 (W.D.T.N. 1999).

At sentencing in July 1999, the Court sentenced Adams to a life sentence followed by 165 years in prison.  In arriving at this sentence, the Court found Adams was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for his § 922(g) convictions because he had three prior Tennessee convictions for aggravated robbery.  Under the ACCA, a defendant found guilty under § 922(g) who has three prior "violent felony" convictions is subject to a higher statutory sentencing range.  Adams appealed his convictions for carjacking and using a firearm during a crime of violence, and the Court of Appeals for the Sixth Circuit affirmed.  *United States v. Adams*, 265 F.3d 420 (6th Cir. 2001).  Adams did not seek review by the United States Supreme Court.

In 2016, Adams filed a motion under 28 U.S.C. § 2255 arguing that, in light of *Johnson v. United States*, 576 U.S. 541 (2015), he should not have been sentenced as an armed career criminal.  He also argued he did not have effective assistance of counsel.  The district court denied his motion, and he did not appeal.  *See Adams v. United States*, No. 2:16-cv-2536-JPM-dkv (2018).

In 2020, he asked the United States Court of Appeals for the Sixth Circuit for leave to file a second or successive § 2255 motion arguing that in light of *Davis v. United States*, 588 U.S. ---, 139 S. Ct. 2319 (2019), he is actually innocent of his § 924(c) convictions.  The Court of Appeals denied his request, finding it did not fit within the two categories under § 2255(h) for which second or successive § 2255 motions are permitted.  *Adams v. United States*, No. 20-5698 (2020).

## II.     § 2241 Petition

In his current § 2241 petition, the petitioner challenges his sentence based on *Borden v. United*

*States*, 593 U.S. ---, 141 S. Ct. 1817 (2021). *Borden* held that a crime requiring only the *mens rea* of recklessness could not count as a predicate "violent felony" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(i). *Id.* at 1825.

In light of *Jones v. Hendrix*, 599 U.S. 465 (2023), it is clear that the Court cannot hear this case. Generally, an inmate wishing to challenge his sentence must file a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). He is generally limited to one § 2255 motion and may file a second or successive petition only if the Court of Appeals authorizes it because the inmate relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." The petitioner attempts to take advantage of § 2255's "savings clause," but that route to relief is not available to him after *Jones*.

The Court of Appeals for the Seventh Circuit used to take the position that § 2255 was "inadequate or ineffective to test the legality of [an inmate's] detention" if the inmate did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). It held that this occurs where:

> (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019). That is, the Seventh Circuit Court of Appeals allowed an inmate to collaterally attack a sentence based on new rules of *statutory* law that he could not have raised in his criminal proceeding or in a § 2255 motion, either because of timing or the

limitation on successive petitions. This is no longer good law.

The Supreme Court held in *Jones*, that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed by *In re Davenport* and many other Courts of Appeal. *Id.* at 477. On the contrary, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists. *Id.* at 474. The Court held that allowing a successive collateral attack through a § 2241 petition in any other circumstance would work an end-run around § 2255(h)'s express limitations on successive collateral attacks to two, and only two, circumstances. *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period. *Id.* at 477-78. Thus, an inmate who has already filed a § 2255 and is trying a second time through § 2241 to collaterally attack his sentence based on a *statutory* change in the law cannot use the "savings clause" to bring that challenge. In fact, he cannot bring that challenge at all. *Id.* at 480.

The petitioner has already challenged his sentence through § 2255, and his current challenge does not fall into either of the two categories of cases for which a second collateral challenge would be permitted under § 2255(h). Further, the petitioner does not suggested circumstances that might make § 2255 "inadequate or ineffective to test the legality of his detention," § 2255(e), under *Jones*'s view of that phrase. Therefore, he cannot collaterally challenge his sentence based on *Borden* at all, whether under § 2241 or any other statute. *Id.* at 480.

### III.   Conclusion

For the foregoing reasons, the Court **DISMISSES with prejudice** Adams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter

judgment accordingly.  The Court further **DIRECTS** the Clerk of Court to change the name of the respondent on the docket sheet from "Tillard, Warden" to "Thomas Lillard, Warden."

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(B).  A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  October 4, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
